# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CRYSTAL J. SIEFKAS,

    *Plaintiff,*

vs.

NANCY BERRYHILL,
  Acting Commissioner of Social Security,

    *Defendant.*

Case No. 2:16-CV-2765-EFM

## MEMORANDUM AND ORDER

Plaintiff Crystal J. Siefkas seeks review of a final decision by Defendant, the Commissioner of Social Security ("Commissioner"), denying her application for disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act ("the Act"). Siefkas's original prayer for relief was for the Court to "reverse and set aside the decision of the Defendant and order that Plaintiff's claim for a period of disability and disability insurance benefits be granted" or, in the alternative, for the Court to remand her case for review by the Appeals Council. After initially opposing Siefkas's Complaint, the Commissioner now moves for an order reversing the final decision and remanding the case back to the Administrative Law Judge ("ALJ") for additional administrative proceedings, consistent with Siefkas's alternative prayer for relief. Siefkas opposes the Commissioner's motion and requests an order reversing the final decision of the Commissioner

and granting Siefkas's claim for benefits. The parties agree that the Court should reverse the Commissioner's final decision, but disagree on the appropriate remedy. Because it is the Commissioner's role to find the facts in this case, and because the ALJ failed to address whether Siefkas's back problems are covered by the relevant regulation, the Court grants Defendant's Motion (Doc. 16), reverses the final decision of the Commissioner, and remands for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

## I.  Factual and Procedural Background

Siefkas was 30 years old on her alleged disability onset date, January 30, 2013. She has a high school education with some college credits. She previously worked as a corrections officer, a warehouse worker, a childcare worker, a janitor, a telephone solicitor, a cashier, and a gate guard. She was not employed during the period of review. On November 5, 2013, she filed for disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Act.

Siefkas's relevant medical history is extensive. From February 28, 2010 to February 16, 2015, she had more than 20 appointments with doctors, surgeons, and psychologists. During this period she was diagnosed with at least 18 different issues, including lumbar degenerative disc disease, lumbar radiculopathy, a herniated disc, lumbar spinal stenosis, right-side facet arthrosis, a cerebrospinal fluid leak, generalized anxiety disorder, obsessive compulsive disorder, unspecified depressive disorder, and obesity. She exhibited several positive straight-leg raising tests, chronic stabbing pain in the lower back that radiated to her right leg and buttock, and numbness and tingling in her right leg. Siefkas and her doctors attempted to treat her back and leg pain with various prescription pain medications, at least two epidural steroid injections, and back surgery, with little to no success.

The Commissioner denied Siefkas's claims on February 12, 2014, and again on May 9, 2014. On May 5, 2015, Siefkas attended a hearing before ALJ Michael Shilling, who rendered an unfavorable decision on June 5, 2015. The ALJ determined that Siefkas's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ specifically noted that her anxiety, obsessive compulsive disorder, and depression did not meet Listings 12.04 and 12.06, but did not mention her back disorders in this part of the opinion. Finally, the ALJ found that Siefkas's residual functional capacity ("RFC") allowed her to perform certain sedentary work, and that she was therefore not disabled.

Siefkas timely requested a review of the ALJ's decision; the Appeals Council denied her request for review on September 22, 2016. The Appeals Council's denial was the final decision of the Commissioner, and Siefkas timely appealed that decision to this Court. After the Complaint, Answer, and Plaintiff's Social Security Brief were filed, but before the Commissioner's brief was filed, the Commissioner moved for reversal and remand. The Commissioner agreed with Siefkas that the ALJ did not adequately assess whether Siefkas's back disorders met or equaled one of the listed impairments, specifically § 1.04A. The Commissioner requested that the case be remanded so that the ALJ may fully assess whether Siefkas's impairments meet or medically equal the severity of one of the listed impairments. Siefkas opposed this motion, requesting an immediate award of benefits instead of remand. Because both parties agree that the Commissioner's decision should be reversed, the only question to consider is which remedy is appropriate.

## II.     Legal Standard

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[1] The steps are designed to be followed in order. If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[2]

The first three steps of the sequential evaluation require the ALJ to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those severe impairments meets or equals a designated list of impairments.[3] If the impairment does not meet or equal one of these designated impairments, the ALJ must then determine the claimant's RFC, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from her impairments."[4]

Upon assessing the claimant's RFC, the ALJ moves on to steps four and five, which require the ALJ to determine whether the claimant can perform her past relevant work or whether she can generally perform other work that exists in the national economy, respectively.[5] The claimant bears the burden in steps one through four to prove a disability that prevents performance of her past relevant work.[6] The burden then shifts to the Commissioner at step five

---

[1] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. § 404.1520(a).

[2] *Barkley v. Astrue*, 2010 WL 3001753, at *2 (D. Kan. 2010).

[3] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

[4] *Barkley*, 2010 WL 3001753, at *2; *see also* C.F.R. §§ 404.1520(e), 404.1545.

[5] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[6] *Lax*, 489 F. 3d at 1084.

to show that, despite her alleged impairments, the claimant can perform other work in the national economy.[7]

### III.   Analysis

The ALJ failed to discuss whether Siefkas's back disorders met or medically equaled the severity of one of the listed impairments, specifically § 1.04 Disorders of the Spine.[8]  Because the ALJ failed to even mention Listing 1.04, "it is impossible for the Court to meaningfully review the ALJ's decision to determine whether substantial evidence supports a finding that Plaintiff's impairments do not meet or equal the criteria of that listing."[9] When the ALJ fails to consider whether a claimant's impairments meet the relevant listing, remand for further proceedings, not reversal and order of payment of benefits, is the proper remedy.[10]

The ALJ noted that Siefkas's various back disorders, as well as her obesity and mental impairments, constituted a severe impairment at step two of the sequential evaluation process. The ALJ further discussed why her mental impairments did not meet the listings and how he took her back disorders into account when formulating her RFC.  But, by the Commissioner's own admission, the ALJ failed to discuss why Siefkas's back disorders meet or fail to meet the requirements under Listing 1.04A.  As the Commissioner admits, this omission warrants reversal and remand, so that the ALJ can determine whether Siefkas is in fact disabled under the listings. The Court agrees.

---

[7] *Id.*

[8] 20 C.F.R. Pt. 404, Subpt. P., App.1 § 1.04A.

[9] *Brown v. Comm'r of Soc. Sec.*, 245 F. Supp. 2d 1175, 1184 (D. Kan. 2003) (citing *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996)).

[10] *Id.*

Siefkas argues that the evidence before the ALJ at the time of his decision conclusively shows that she was disabled, and that further proceedings before the ALJ will only delay her inevitable receipt of benefits. While an immediate award of benefits is sometimes the appropriate remedy,[11] "remand is more appropriate when the administrative record has not been fully developed, or where the ALJ makes minimal findings that are not supported by adequate evaluation of the evidence in the record."[12] Here, the administrative record is devoid of any discussion of Siefkas's back disorders as they relate to the listings. On remand, the ALJ should evaluate whether or not Siefkas's back disorders meet or medically equal Listing 1.04A, or any other relevant listing, and explain the reasoning for his decision. Pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Court reverses the final decision of the Commissioner and remands for further administrative proceedings.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reverse and Remand (Doc. 16) is hereby **GRANTED**. The final decision of the Commissioner is reversed and remanded for further proceedings.

**IT IS SO ORDERED**.

Dated this 13th day of November, 2017.

*[signature: Eric F. Melgren]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[11] *See Williams*, 844 F.2d at 760.

[12] *Walter v. Berryhill*, 244 F. Supp. 3d 1145, 1152 (D. Kan. 2017) (quoting *Higgins v. Barnhart*, 294 F. Supp. 2d 1206, 1215 (D. Kan. 2003)).